Curia, per Frost, J.
The extract from the deed of settlement, in the leport, is incomplete. The lands mentioned in the deed, including the lot in dispute, are released “to William Hazard Wigg, h:s heirs and assigns, to have and to hold” the said lands “to the said Wm. Hazard Wigg, his heirs and assigns, to the use and behoof of the said William Hazard Wigg aud his heirs, upon trust, to preserve and support the contingent uses and estate, hereinafter limited, from being barred aud destroyed,” &c. as set out in the report.
It is clear that the trusts were not executed before the death of Catherine Elliott, and that the legal estate, until that event happened, remained in the trustee.
Where the cestui que trust and trustee are both out of possession, for the time limited, the party in possession has a good bar, under the statute of limitations, against them both. The defendant, has not relied on nor pleaded the statute of limitations; and it is unnecessary to consider what might have been the effect of the plea.
Whether the trust be executed or not, cannot affect the result of the applicant’s motion. If the trust was not executed, the trustee might, by joining with the tenant for life in a fe-offment, have defeated the contingent remainder of the plaintiff, before it came into existence. But to prevent this consequence, Wigg was appointed trustee, to preserve the contingent remainder. It was his primary duty to preserve the estate in remainder from being defeated or destroyed, and to combine with the tenant to accomplish that purpose, would be, legally, a clear breach of trust; and, morally, a breach of confidence. Nothing dishonest or base is to be presumed in law ; all presumptions are innocent and rightful; a deed will not be presumed if it could only be made in fraud and injury.
Even if the trusts were executed, the | ossession of the defendant would not warrant the presumption oí a deed from the plaintiff. His possession was not adverse to her title, but entirely consistent with it. If a deed could be presumed at all, it could only be from Catherine Elliott, the tenant for life. A release of all her estate would give defendant no title against the plaintiff.
It is not stated in the report, but was admitted in the argument, that the plaintiff produced a grant for the laud in dispute, prior to 1785. If a grant could be presumed to the defendant, its issue must be referred to the commencement of his possession. As a junior grant it would be void against the plaintiff.
The motion is refused.
Richardson, ON ball, Evans and Wardlaw, JJ. concurred.

Motion refused.